SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (“BIA”) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.
Petitioner Yong Ying Shi, a native and citizen of the People’s Republic of China, seeks review of a September 15, 2006 order of the BIA affirming the April 13, 2005 decision of Immigration Judge (“IJ”) Noel A. Brennan denying Shi’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yong Ying Shi, No. A 77 977 579 (B.I.A. Sept. 15, 2006), affg No. 77 977 579 (Immig. Ct. N.Y. City, NY, Apr. 13, 2005). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the I J’s decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
We conclude that substantial evidence supports the IJ’s determination that Shi was not credible. First, the IJ found that Shi’s demeanor was “hesitant,” “unconvincing,” and “unresponsive.” We afford such assessments of an applicant’s demeanor particular deference. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The IJ also properly found that while Shi testified that he was arrested by the Chinese government because of his opposition to the village election results, he admitted that he did not raise those assertions at his airport interview, acting on advice he received from “snakeheads” that he would be sent back to China unless he alleged that he was persecuted due to support for Fa-lun Gong and opposition to forced sterilization. Finding that Shi’s airport interview painted a very different picture of his asylum claim than his testimony, the IJ was entitled to conclude that “the inconsistencies between the airport [interview] and his application are material and go to the heart of the respondent’s claim.” See Ramsameachire v. Ashcroft, 357 F.3d 169, 180-81 (2d Cir.2004) (“Where the alien’s airport statements and his or her later testimony present materially different accounts of his or her purported persecution, however, the inconsistencies may render the alien’s testimony incredible.”).
The IJ also found that while Shi testified that he was arrested and beaten in 1998, the letter from his neighbor, Pan Juan Qing, did not mention that Shi had any problems with the government before *391 2001. Shi admitted that Pan knew about his 1998 arrest, but when asked why her letter did not mention that assertion, Shi had no answer. Because Shi failed to provide an explanation for the discrepancy between his testimony and Pan’s letter, it was proper for the IJ to rely on this discrepancy to support her adverse credibility determination. See Surinder Singh v. B.I.A., 438 F.3d 145, 148 (2d Cir.2006) (finding that an IJ may rely in part on an omission of a factual assertion from a written submission to the IJ to support his adverse credibility determination).
In light of these concerns about Shi’s credibility, it was reasonable for the IJ to expect corroboration of Shi’s claims, and to impugn his credibility for his failure to submit such corroboration. An applicant’s failure to corroborate his or her testimony may bear on his credibility, because the absence of corroboration in general makes him unable to rehabilitate testimony that has already been called into question. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Having determined that Shi’s testimony was problematic, the IJ found that Shi failed to submit letters from his mother, his aunt, and the candidate whom he claimed to have supported during the 1998 village election. While Shi gave several explanations lor his failure to submit such evidence, the IJ reasonably found those explanations insufficient. Cf. Majidi, 430 F.3d at 80-81 (finding that an IJ need not credit an applicant’s explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).
While the IJ’s decision was not without error,[2] remand would be futile here because we can confidently predict that the IJ would deny Shi’s case absent the IJ’s erroneous finding.- See Xiao Ji Chen, 471 F.3d at 338-39.
In his challenge to the IJ’s denial of his claims for withholding of removal and CAT relief, Shi raises the same allegations of past persecution that were the basis for his asylum claim. Because we uphold, the IJ’s adverse credibility determination with respect to Shi’s claims of past persecution, Shi’s- arguments that the IJ erred in denying his claims for withholding of removal and CAT relief must also fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Ramsameachire, 357 F.3d at 184-85.
For the foregoing reasons, the petition for review is DENIED. The pending motion to proceed in forma pauperis is DISMISSED as moot. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The IJ found Shi's testimony that he took a lien on his house in China in order to pay the snakeheads for his trip to the United States to be inconsistent with a statement attached to his asylum application which asserted that land belonging to his family was confiscated by the village committee in 1999. The IJ's inference that the family land that was confiscated in 1999 was the same piece of property used as collateral for the loan was unsupported. Moreover, the IJ failed to give Shi the opportunity to reconcile the alleged contradiction. See Ming Shi Xue v. BIA, 439 F.3d 111, 125 (2d Cir.2006).